# EXHIBIT 2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. 02C01-2405-DC-000611 |

IN RE: THE MARRIAGE OF )
)
RYAN V. JUMPER, )
    Petitioner, )
)
and )
)
ERIN KATHRYN O'DONNELL, )
    Respondent. )

## ORDER OF APPROVAL OF
## AGREED PROVISIONAL ORDER BY THE COURT

COME NOW the Petitioner, RYAN V. JUMPER, in person and by counsel, and the Respondent, ERIN KATHRYN O'DONNELL, in person and by counsel, and enter into an Agreed Provisional Order. The Court hereby orders as follows:

1. The Respondent shall have sole legal and primary physical custody of the parties' minor child, Olivia Jumper, age 7, during the pendency of this matter.

2. The Petitioner shall have temporary supervised parenting time with the parties' minor child on those occasions agreed by both parties; said parenting time shall be supervised by a qualified agency or an agreed upon third party.

3. Petitioner shall pay for the temporary support of the parties' minor child in the sum of $230.00 per week, commencing July 1, 2024, and each and every week thereafter, until further order of the Court. Petitioner shall pay the weekly child support obligation to the Clerk of the Allen Circuit Court in cash or to INSCCU, P.O. Box 7130, Indianapolis, Indiana 46207-7130, by check or online until the child support amount is withheld from his paycheck. An Income Withholding Order shall be issued to Petitioner's employer, Jumpstart Communications, LLC, at

15924 Twin Eagles Cove, Huntertown, Indiana 46748.

4. Respondent's counsel shall prepare and submit the proposed Income Withholding Order to the Court for approval.

5. Petitioner shall be responsible for 50% and the Respondent shall be responsible for 50% of the minor child's uninsured medical, dental, optical, hospitalization, orthodontia, counseling, and prescription expenses incurred per calendar year. Each party shall reimburse the other party or pay directly to the provider within seven (7) days of receipt of the uninsured expenses.

6. The parties shall share in the agreed upon extracurricular expenses incurred for the parties' minor child, including but not limited to fees, uniforms, shoes, travel and equipment, with Petitioner responsible for 50% and the Respondent responsible for 50%. Each party shall reimburse the other party directly within seven (7) days of receipt of the extracurricular expense.

7. The Respondent shall have temporary possession of the marital residence located at 15924 Twin Eagles Cove, Huntertown, Indiana 46748 and shall be responsible to pay all expenses associated with said residence, including the utilities and mortgage.

8. The Respondent shall have temporary possession of the 2022 Jeep Wagoneer and shall be temporarily responsible for all expenses associated with said vehicle including, but not limited to, the plates/registration fees and automobile insurance coverage.

9. The Petitioner shall have temporary possession of the 2019 Chevy Silverado and shall be temporarily responsible for all expenses associated with said vehicle including, but not limited to, the plates/registration fees and automobile insurance coverage.

10. The Respondent shall be granted temporary possession of Jumpstart Communications, LLC, to continue to run all of the daily operations with the existing staff.

11. The Petitioner shall refrain from contacting the Respondent, employees, potential clients, current clients, and sub-contractors of Jumpstart Communications, LLC with the exception that he may receive calls from employees that he considers a friend to discuss any other subject other than Jumpstart Communications, LLC and from sub-contractors that contact him for work wherein he shall refer he/she to the Respondent.

12. The Petitioner shall refrain from accessing, restricting, or closing any/all bank accounts in the name of Jumpstart Communications, LLC including but not limited to 3 Rivers Federal Credit Union.

13. The Petitioner shall refrain from accessing, modifying, restricting, or closing any/all credit cards in the name of Jumpstart Communications, LLC.

14. The Petitioner shall refrain from entering upon any property owned or leased by Jumpstart Communications, LLC.

15. Petitioner shall refrain from accessing, modifying, restricting, or closing any/all internet accounts, QuickBooks, security cameras, and cell phone accounts used by Jumpstart Communications, LLC.

16. Respondent shall provide Petitioner's counsel with monthly Profit and Loss statements and other requested documents regarding Jumpstart Communications, LLC. during the pendency of this matter.

17. Currently, Petitioner receives a weekly salary of $2,000 per week from Jumpstart Communications, LLC. Commencing Friday, July 26, 2024, the Petitioner shall receive a weekly salary of $3,000 per week from Jumpstart Communications, LLC. The Respondent shall continue to receive her weekly salary of $2,000 per week from Jumpstart Communications, LLC.

18. All provisional orders are subject to a de novo review following Petitioner's completion of the program with Landmark Recovery.

19. The issue of attorney fees shall be deferred to mediation or final hearing in this matter.

Dated: July 16, 2024

Judge/~~Magistrate~~
Allen Circuit Court    SK

cc: Michelle Brown-Stohler
Suzanne M. Wagner