**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JUMPSTART COMMUNICATIONS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:24-cv-00447-SLC |
| v. | ) | |
| | ) | |
| RYAN V. JUMPER and | ) | |
| THE JUMPER GROUP LLC f/k/a | ) | |
| JUMPSTART COMMUNICATION LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Ryan V. Jumper ("Jumper") and The Jumper Group LLC f/k/a Jumpstart Communication LLC ("The Jumper Group"), for its Answer to Jumpstart Communications LLC's ("Jumpstart Communications") First Amended Complaint (DE 29) states as follows:

### THE PARTIES

1.    Jumpstart Communication**s** is an Indiana limited liability company formed in July 2020 with its headquarters and principal place of business located in Fort Wayne, Indiana.

   **ANSWER:  Defendants admit the allegations of Paragraph 1 of the First Amended Complaint.**

2.    Defendant Jumper is a current member of Jumpstart Communication**s** and its former Chief Executive Officer.

   **ANSWER: Defendants admit the allegations of Paragraph 2 of the First Amended Complaint.**

1

3.      Defendant Jumpstart Communcatio**n** is an Indiana limited liability company formed in December 2021. According to publicly available documents filed with the Indiana Secretary of State, Defendant Jumper is the President of Jumpstart Communicatio**n**.

**ANSWER: Defendants admit the allegations of Paragraph 3 of the First Amended Complaint.**

### JURISDICTION AND VENUE

4.      The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because Jumpstart Communication**s** asserts federal claims under the Declaratory Judgment Act (28 U.S.C. § 2201) and the Lanham Act (15 U.S.C. § 1125).

**ANSWER: Defendants admit the allegations of Paragraph 4 of the First Amended Complaint.**

5.      The Court has supplemental jurisdiction over Jumpstart Communication**s**' state-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER: Defendants admit the allegations of Paragraph 5 of the First Amended Complaint.**

6.      Venue is proper in the Northern District of Indiana under 28 U.S.C. § 1391(b) because Defendants resided in this judicial district at the time Plaintiff's Complaint was filed, and a substantial part of the events or omissions giving rise to claims occurred in this judicial district.

**ANSWER: Defendants admit the allegations of Paragraph 6 of the First Amended Complaint.**

## BACKGROUND

7.      Jumpstart Communication**s** is a telecommunications construction company founded by Defendant Jumper and his wife, Erin O'Donnell ("Jumpstart Communication**s**' Co-Owner"), who are Jumpstart Communication**s**' only members.

**ANSWER: Defendants admit the allegations of Paragraph 7 of the First Amended Complaint.**

8.      Jumpstart Communication**s** presently employs between 50-100 individuals and serves customers in Indiana, Ohio, Kentucky, Missouri, and Michigan.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 8 of the First Amended Complaint.**

9.      Jumpstart Communication**s** has a website (https://jumpstartcommunications.net/home), a Facebook profile (https://www.facebook.com/jumpstarttelecom), and a LinkedIn page (https://www.linkedin.com/in/jumpstarttelecom)—each of which bear its logo (the "Logo"):



**ANSWER: Defendants admit the allegations of Paragraph 9 of the First Amended Complaint.**

10.    Despite being formed less than five (5) years ago, Jumpstart Communication**s** has experienced tremendous growth, with its 2023 revenue exceeding **$10,000,000**.

**ANSWER: Defendants admit the allegations of Paragraph 10 of the First Amended Complaint.**

11.    From Jumpstart Communication**s'** inception until on or about July 16, 2024, Defendant Jumper served as its Chief Executive Officer.

**ANSWER: Defendants admit the allegations of Paragraph 11 of the First Amended Complaint.**

12.    Beginning in April 2024, Jumpstart Communication**s** noticed erratic and concerning changes in Defendant Jumper's behavior. Examples of Defendant Jumper's erratic and concerning behavior include:

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 12 of the First Amended Complaint.**

   a.  Jumpstart Communication**s'** security camera captured Defendant Jumper removing a bag of drugs from a truck. After being confronted by an employee, Defendant Jumper turned off the security cameras and changed the password on the security cameras. On another occasion, an employee found a crack pipe in a work truck previously used by Defendant Jumper;

   **ANSWER: Defendants admit Jumper turned off security cameras at the Maplecrest office location where Jumper was sleeping, for privacy. Defendants deny Jumper was confronted by an employee and deny Jumper changed the security cameras password. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 12(a) of**

**the First Amended Complaint and therefore deny the same.**

b.  Defendant Jumper unilaterally changed the password on the Capital One business account and disconnected the Capital One business account from QuickBooks, when employees of Jumpstart Communication**s** have Capital One business credit cards that need to be timely paid;

   **ANSWER: Defendants deny the allegations of Paragraph 12(b) of the First Amended Complaint and state further that Jumper was without access to QuickBooks as of April 2024.**

c.  Defendant Jumper locked the business's joint business checking and joint business money market accounts, access to which Jumpstart Communication**s** needs to pay its employees and its bills;

   **ANSWER: Defendants deny the allegations of Paragraph 12(c) of the First Amended Complaint.**

d.  Defendant Jumper changed the password on the business email account of Jumpstart Communication**s**' co-owner, O'Donnell, and locked her company credit card;

   **ANSWER: Defendants deny the allegations of Paragraph 12(d) of the First Amended Complaint.**

e.  Defendant Jumper unilaterally changed the door codes at one of Jumpstart Communication**s**' locations;

   **ANSWER: Defendants admit Jumper changed the door codes at the Maplecrest office location where Jumper was sleeping, for safety.**

f.  Defendant Jumper unilaterally changed the password to the Jumpstart Communication**s**' admin email account'

   **ANSWER: Defendants deny the allegations of Paragraph 12(f) of the First Amended Complaint.**

g.  Defendant Jumper unilaterally locked Jumpstart Communication**s**' Verizon account and removed Communication**s**' Co-Owner as an authorized user;

**ANSWER: Defendants deny the allegations of Paragraph 12(g) of the First Amended Complaint.**

h. Defendant Jumper locked Jumpstart Communications' Co-Owner out of the Capital One business account;

**ANSWER: Defendants deny the allegations of Paragraph 12(h) of the First Amended Complaint.**

i. Defendant Jumper unilaterally changed Jumpstart Communications' password to in Biz/Access Indiana, which is necessary for Jumpstart Communications' to access to file business entity reports and to pay estimated taxes. Defendant Jumper then removed Jumpstart Communications' Co-Owner as a governing individual on Jumpstart Communications' Secretary of State documents; presented those new documents to Chase Bank on May 23, 2024; and had Jumpstart Communications' Co-Owner removed from Jumpstart Communications' bank account. When Jumpstart Communications' Co-Owner corrected these documents and requested Chase Bank add her back to the account, Chase Bank's legal department froze the account for further investigation;

**ANSWER: Defendants deny Jumper changed Jumpstart Communications' password to INBiz/Access Indiana and deny Jumper removed O'Donnell from Jumpstart Communications' bank account. Defendants deny Defendant Jumper removed Co-Owner Erin O'Donnell as a governing individual of Jumpstart Communications LLC and deny Defendant Jumper presented "new" documents to Chase Bank. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 12(i) of the First Amended Complaint and therefore deny the same.**

j. Jumpstart Communications' business accountant advised Jumpstart Communications' Co-Owner that he had been threatened by Defendant Jumper and would not continue as Jumpstart Communications' accountant if Defendant Jumper's behavior continued;

**ANSWER: Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 12(j) of the First Amended Complaint and therefore deny the same.**

k. Defendant Jumper stated he is starting a new company and will "bury" Jumpstart Communication**s**' Co-Owner;

**ANSWER: Defendants deny the allegations of Paragraph 12(k) of the First Amended Complaint.**

l. Defendant Jumper informed one of Jumpstart Communication**s**' clients that he intends to freeze the company's bank accounts and take Jumpstart Communication**s**' Co-Owner out of the business;

**ANSWER: Defendants deny the allegations of Paragraph 12(l) of the First Amended Complaint.**

m. Defendant Jumper removed more than $100,000 from Jumpstart Communication**s**' bank accounts;

**ANSWER: Defendants deny the allegations of Paragraph 12(m) of the First Amended Complaint.**

n. Defendant Jumper texted seven (7) Jumpstart Communication**s**' employees and falsely alleged that Jumpstart Communication**s**' Co-Owner had hacked his phone and that the employees should check to see if their phones had been hacked too; and

**ANSWER: Defendants admit Jumper texted several employees about his concern that his electronic devices were being monitored. Defendants deny the remaining allegations of Paragraph 12(n) of the First Amended Complaint.**

o. Defendant Jumper submitted fabricated text messages to Jumpstart Communication**s**' bankers.

**ANSWER: Defendants deny the allegations of Paragraph 12(o) of the First Amended Complaint.**

13.    Meanwhile, Defendant Jumper was also charged with multiple criminal offenses including: Possession of Paraphernalia in Case No. 02D04-2404-CM- 001897; Possession of Methamphetamine, Possession of a Narcotic Drug, and Operating a Vehicle While Intoxicated Endangering a Person in Case No. 48C05-2405-F6-

001613; Possession of Cocaine, Operating a Vehicle with a Schedule I or II Controlled Substance or its Metabolite, and Possession of Paraphernalia in Case No. 48C06-2406-F4-001720; and Unlawful Possession of Use of a Legend Drug, Operating a Vehicle While Intoxicated Endangering a Person, Possession of a Controlled Substance-Possession of a Schedule I, II, III, or IV, Possession of Paraphernalia, Driving While Suspended, and Unlawful Stopping/Parking/Standing of Vehicle on Traveled Part of Highway in Case No. 32C01-2406-F6-000594.

**ANSWER: Defendants admit Jumper was charged in causes 02D04-2404-CM- 001897; 48C05-2405-F6-001613; 48C06-2406-F4-001720; and 32C01-2406-F6-000594.**

14.    In an effort to protect Jumpstart Communication<u>s</u>, Jumpstart Communication<u>s</u>' Co-Owner filed a Verified Emergency Petition for Temporary Possession and Daily Operations of the Jumpstart Communication<u>s</u>, LLC on July 2, 2024.[1] A true and accurate copy of that Petition is attached hereto as Exhibit 1.

**ANSWER: Defendants admit O'Donnell filed a pleading so titled on July 2, 2024, in cause number 02C01-2405-DC-000611, initiated by Jumper to dissolve his marriage to O'Donnell. Defendants admit Jumper withdrew his petition for dissolution and admit O'Donnell filed a counterpetition for dissolution. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 14 of the First Amended Complaint, and therefore deny the same.**

---

[1] By this time, Defendant Jumper had petitioned for divorce from Jumpstart Communication<u>s</u>' co-founder, Erin O'Donnell. Although he subsequently withdrew his petition, Ms. O'Donnell filed a counter-petition for divorce, which is currently pending in the Allen Circuit Court bearing cause no. 02C01-2405-DC-000611.

15.    On July 16, 2024, the Court entered an Order granting Jumpstart Communications' Co-Owner "temporary possession of Jumpstart Communications to continue to run all of the daily operations with the existing staff." (Ex. 2, ¶ 10). A true and accurate copy of the Order is attached hereto as Exhibit 2.

**ANSWER: Defendants admit the Allen Circuit Court in cause number 02C01-2405-DC-000611 entered the Order attached as Exhibit 2 to the First Amended Complaint.**

16.    The Order further provided that Defendant Jumper shall:

11.    [R]efrain from contacting [Jumpstart Communications' Co-Owner], employees, potential clients, current clients, and sub-contractors of Jumpstart Communications, LLC with the exception that he may receive calls from employees that he considers a friend to discuss any other subject other than Jumpstart Communications, LLC and from sub-contractors that contact him for work wherein he shall refer he/she to the Respondent.

12.    [Defendant Jumper] shall refrain from accessing, restricting, or closing any/all bank accounts in the name of Jumpstart Communications, LLC including but not limited to 3 Rivers Federal Credit Union.

13.    [Defendant Jumper] shall refrain from accessing, modifying, restricting, or closing any/all credit cards in the name of Jumpstart Communications, LLC.

14.    [Defendant Jumper] shall refrain from entering upon any property owned or leased by Jumpstart Communications, LLC.

15.    [Defendant Jumper]  shall refrain from accessing, modifying, restricting, or closing any/all internet accounts, QuickBooks, security cameras, and cell phone accounts used by Jumpstart Communications, LLC.[2]

---

[2] Despite Defendant Jumper *agreeing* to the Order—and the Order still being in effect— Defendant Jumper is believed to have violated the Order more than 65 times, conduct which is the subject of multiple petitions for contempt set to be heard later this month. True and accurate copies of those petitions are attached hereto as Exhibit 3.

(Ex. 2, ¶¶ 11-15).

> **ANSWER: Defendants admit Paragraph 16 of the First Amended Complaint accurately quotes the July 16, 2024, Order of the Allen Circuit Court in cause number 02C01-2405-DC-000611. Defendants admit Plaintiff's Co-Owner Erin O'Donnell filed multiple contempt petitions in the same cause, which are attached as Exhibit 3 to the First Amended Complaint. Defendants deny all other allegations contained in footnote 2 of Paragraph 16 of the First Amended Complaint.**

17.    While still a member of Jumpstart Communications, Defendant Jumper began a competing telecommunications construction company with a virtually identical name: Jumpstart Communication.

> **ANSWER: Defendants admit Jumper was a member of Jumpstart Communications in December 2021 when he formed The Jumper Group. Defendants deny the remaining allegations of Paragraph 17 of the First Amended Complaint.**

18.    According to Indiana's Secretary of State's website, the principal address for Jumpstart Communication is 6317 Maplecrest Rd, Fort Wayne, Indiana, 46835—one Jumpstart Communications' business addresses.

> **ANSWER: Defendants admit the principal address of The Jumper Group was 6317 Maplecrest Road, Fort Wayne, Indiana, 46835 when the corporation was formed.**

19.    Jumpstart Communcatio**n** also operates in the same geographical areas as Jumpstart Communication**s**, including in Indiana and Michigan.

**ANSWER: Defendants admit The Jumper Group has operated in Indiana and Michigan. Defendants deny the remaining allegations in Paragraph 19 of the First Amended Complaint.**

20.    Defendant Jumper and/or Jumpstart Communicatio**n** created virtually identical electronic mailing addresses as those used by Jumpstart Communication**s**, which they use to conduct Jumpstart Communicatio**n**'s day-to-day business:

| Jumpstart Communications' E-mail Addresses | Jumpstart Communication's E-mail Addresses |
|---|---|
| jumpstarttelecom@gmail.com | jumpstarttelecom@yahoo.com |
| ryan@jumpstartcommunications.net | ryan@jumpstartcommunication.net |

**ANSWER:      Defendants      admit      Jumper      created 'jumpstarttelecom@yahoo.com' and 'ryan@jumpstartcommunication.net.' Defendants admit using 'ryan@jumpstartcommunication.net' to conduct business and deny using 'jumpstarttelecom@yahoo.com.' Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 20 of the First Amended Complaint and therefore deny the same.**

21.    Defendant Jumper and/or Jumpstart Communicatio**n** have repeatedly attempted to divert business from Jumpstart Communication**s** to Jumpstart Communicatio**n.** For example, Defendant Jumper sent a text message to twelve (12) of

Jumpstart Communications' customers telling them that they needed to be copying him at jumpstarttelecom@yahoo.com.

**ANSWER: Defendants deny attempting to divert business from Jumpstart Communications. Defendants admit Jumper asked some of Plaintiff's customers to copy Jumper on emails at jumpstarttelecom@yahoo.com before O'Donnell was granted temporary possession of Jumpstart Communications on July 16, 2024, in an effort to stay involved in the operations of Jumpstart Communications.**

22.    Defendant Jumper and/or Jumpstart Communication also use Jumpstart Communications' logo in the signature block of Defendant Jumper's ryan@jumpstartcommunication.net email address.

**ANSWER: Defendants admit the logo previously appeared in the signature block of the ryan@jumstartcommunication.net e-mail address and further state that Defendants have ceased use of the logo.**

23.    Defendant Jumper and/or Jumpstart Communication are believed to be doing telecommunications construction work for at least one (1) of Jumpstart Communications' existing customers.

**ANSWER: Defendants deny the allegations of Paragraph 23 of the First Amended Complaint.**

24.    Defendant Jumper and/or Jumpstart Communication have attempted to obtain additional work from Jumpstart Communications' existing customers including, but not limited, to one of Jumpstart Communications' largest customers ("Customer A"), with whom Jumpstart Communications has a multi-million dollar contract. More

specifically, Defendant Jumper and/or Jumpstart Communicatio**n** informed a Manager of Customer A that Defendant Jumper had a new company and that his new company was going to onboard with Customer A. Customer A then informed Jumpstart Communication**s** of Defendant Jumper's and/or Jumpstart Communicatio**n**'s statements.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 24 of the First Amended Complaint related to the unidentified 'Customer A' and therefore deny the same.**

25.    Defendant Jumper and/or Jumpstart Communicatio**n** told another Jumpstart Communication**s**' customer ("Customer B") with whom Jumpstart Communication**s**' has a strong business relationship with that "management is running Jumpstart Communication**s** into the ground and it won't be around much longer" and that Defendant Jumper had started a new company, and the new company would like to onboard with Customer B.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 25 of the First Amended Complaint related to the unidentified 'Customer B' and therefore deny the same.**

26.    Defendant Jumper and/or Jumpstart Communicatio**n** are also recruiting Jumpstart Communication**s**' employees and, to date, two (2) employees have left Jumpstart Communication**s** to join Jumpstart Communicatio**n**.

**ANSWER: Defendants deny recruiting Plaintiff's employees. Defendants admit The Jumper Group employs former Jumpstart Communications employees who were fired by Plaintiff.**

27.     Defendant Jumper and/or Defendant Jumpstart Communicatio**n** are also, at times, operating their business by acting as Jumpstart Communication**s** and/or still purporting to do business on behalf of Jumpstart Communication**s**. For example, Jumpstart Communication**s** received a contract via DocuSign for Jumpstart Communication**s** to be a subcontractor for Ervin Cable Construction. The contract identified Defendant Jumper as the signatory. Jumpstart Communication**s** had no knowledge of this subcontractor agreement.

**ANSWER: Defendants deny operating or acting as Jumpstart Communications and deny purporting to do business on behalf of Jumpstart Communications. Defendants admit Jumper signed a subcontract with Ervin Cable Construction. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 27 of the First Amended Complaint.**

28.     Defendant Jumper and/or Defendant Jumpstart Communicatio**n** are also intentionally, recklessly, and/or negligently misleading Jumpstart Communicatio**n**'s customers or prospective customers—including Jumpstart Communication**s**' existing customers—into believing that Defendant Jumper is involved in the daily operations of Jumpstart Communication**s** and that Jumpstart Communicatio**n** is affiliated with Jumpstart Communication**s**.

**ANSWER: Defendants deny the allegations of Paragraph 28 of the First Amended Complaint.**

29.     For example, Defendant Jumper and/or Defendant Jumpstart Communicatio**n** purchased commercial vehicles from a key telecommunications

construction supplier. After delivering the commercial vehicles to Defendant Jumper and/or Defendant Jumpstart Communicatio**n**, the supplier realized that Defendant Jumper and/or Jumpstart Communicatio**n** were not affiliated with Jumpstart Communication**s** and pulled the delivery. The supplier later informed Jumpstart Communication**s** that it felt it had been a victim of fraud.

> **ANSWER: Defendants admit purchasing and receiving delivery of commercial vehicles from Altec in late September 2024, which Altec retrieved the next day. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 29 of the First Amended Complaint.**

30.    Defendant Jumper and/or Jumpstart Communicatio**n** have also diverted more than $150,000 in checks made payable to Jumpstart Communication**s** to the campground where Defendant Jumper was living. These actions were done with the specific intent to defraud Jumpstart Communication**s** and further Defendants' scheme to divert Jumpstart Communication**s**' assets and/or corporate opportunities for their own benefit and, ultimately, "burn this motherfucker to the ground." More specifically, in or around August 2024, Defendant Jumper and/or Jumpstart Communicatio**n**—without authority or authorization to do so—electronically submitted a change of address form to the United States Postal Service requesting Jumpstart Communication**s**' mailing address be changed to 2573 W 100 N Greenfield, Indiana 46140—the campground where Defendant Jumper was living. As a result, $166,857 in customer checks made payable to Jumpstart Communication**s** were delivered to Defendant Jumper and/or Jumpstart Communicatio**n.** When Jumpstart Communication**s** realized what Defendant Jumper

and/or Jumpstart Communicatio**n** had done, it notified its customers to stop payment on said checks, which they did.

> **ANSWER: Defendants deny diverting checks payable to Plaintiff. Defendants admit electronically submitting a change of address form to the USPS to change the mailing address of The Jumper Group, but deny attempting to or actually changing the mailing address of Jumpstart Communications. Defendants deny checks made payable to Jumpstart Communications were delivered to Defendants. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 30 of the First Amended Complaint and therefore deny the same.**

31.    Sometime between July 16, 2024, and September 30, 2024, Defendant Jumper and/or Jumpstart Communicatio**n**—without authority or authorization to do so—also  fraudulently submitted to the Internal Revenue Service ("IRS") via mail a form 8822-B "Change of Address of Responsible Party – Business" changing Jumpstart Communication**s'** address to 2573 W 100 N Greenfield, Indiana 46140, the address of the campground where Defendant Jumper was living. These actions were done with the specific intent to defraud Jumpstart Communication**s** and further Defendants' scheme to divert Jumpstart Communication**s'** assets and/or corporate opportunities for their own benefit and, ultimately, "burn this motherfucker to the ground." Jumpstart Communication**s** only learned of Defendant Jumper and/or Jumpstart Communicatio**n**'s conduct on or around September 30, 2024, when Jumpstart Communication**s** received notification from the IRS.

**ANSWER: Defendants deny submitting form 8822-B to the IRS. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 31 of the First Amended Complaint and therefore deny the same.**

32.     Additionally, sometime between July 16, 2024, and September 19, 2024, Defendants Jumper and/or Jumpstart Communicatio**n** fraudulently applied for a $150,000 business loan with Funding Futures in Jumpstart Communications**'** name. When Jumpstart Communication**s** learned of Defendant Ryan Jumper and/or Jumpstart Communicatio**n**'s conduct, it immediately informed Funding Futures that Defendant Jumper had no authority to act on behalf of Jumpstart Communication**s**.

**ANSWER: Defendants admit applying for a business loan using the EIN associated with The Jumper Group and admit the inadvertent inclusion of Plaintiff's name on the loan application. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 32 of the First Amended Complaint and therefore deny the same.**

33.     Jumpstart Communication**s** also learned that Defendants Jumper and/or Jumpstart Communication improperly informed a supplier that a drill which Jumpstart Communication**s** was leasing for $11,000/month could be delivered to Defendants Jumper and/or Jumpstart Communicatio**n** at the campground where Defendant Jumper was living.

**ANSWER: Defendants deny the allegations of Paragraph 33 of the First Amended Complaint and further state that the drill supplier called Jumper looking for payment from Plaintiff, which was overdue.**

34.    Since July 16, 2024, Defendant Jumper has also improperly accessed and used Jumpstart Communications' business accounts to pay more than $12,000 in personal expenses, including at Nike.com.

**ANSWER: Defendants admit Jumper used Plaintiff's business accounts to pay certain personal expenses because Jumper was without access to his personal funds, including funds that were to be paid to him pursuant to the order of the dissolution Court. Defendants deny the remaining allegations of Paragraph 34 of the First Amended Complaint.**

35.    On or around October 15, 2024, an Indiana limited liability company named "Efferin Cable Construction LLC" – read "F&*% Erin Cable Construction LLC – was formed.

**ANSWER: Defendants admit an Indiana limited liability company named Efferin Cable Construction LLC was formed on or around October 15, 2024.**

36.    Defendant Jumper's prior residential address is identified as Efferin Cable Construction LLC's principal place of business.

**ANSWER: Defendants admit Defendant Jumper's prior residential mailing address was identified as Efferin Cable Construction LLC's principal place of business.**

37.    Defendant Jumper's mother – a former travel agent with no known experience in the telecommunications construction industry – is identified as the company's CEO and statutory agent.

**ANSWER: Defendants admit Defendant Jumper's mother was identified as Efferin Cable Construction LLC's CEO and statutory agent.**

38.    However, Jumpstart Communication**s** was recently informed by counsel for Defendant Jumper's mother that Defendant Jumper's mother has _no knowledge whatsoever_ of "Efferin Cable Construction LLC," much less acts as the company's CEO.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 38 of the First Amended Complaint and therefore deny the same.**

39.    On or about December 4, 2024 (and after the filing of this lawsuit), Jumpstart Communicatio**n** filed Articles of Amendment with the Indiana Secretary of State changing the name of the company to "The Jumper Group LLC."

**ANSWER: Defendants admit Defendant Jumpstart Communication LLC's name was changed to The Jumper Group LLC on or about December 4, 2024.**

40.    However, Defendant Jumper and/or "The Jumper Group LLC" are believed to still be operating under the "Jumpstart Communicatio**n**" name.

**ANSWER: Defendants deny the allegations of Paragraph 40 of the First Amended Complain.**

**COUNT ONE**
**(Trademark Infringement – Defendants Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC)**

41.    Plaintiff incorporates by reference all prior allegations as if fully restated herein.

**ANSWER: Defendants incorporate by reference each and every answer previously stated as if fully set forth herein.**

42.    Defendants have engaged in trademark infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201, along with associated claims under Indiana law.

**ANSWER: Defendants deny the allegations of Paragraph 42 of the First Amended Complaint.**

43.    Jumpstart Communication**s** has been operating under the name "Jumpstart Communications" since as early as 2020 in connection with telecommunication construction services.  Since that time, Jumpstart Communication**s** has experienced substantial year-after-year growth.

**ANSWER: Defendants admit the allegations of Paragraph 43 of the First Amended Complaint.**

44.    As a result of advertising, promotion, and use of the mark "Jumpstart Communication**s**" (the "Mark") and the Logo in connection with telecommunications construction, and through favorable industry and trade acceptance and recognition, the consuming public and trade recognize and identify the Mark and the Logo with Jumpstart Communication**s**.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 44 of the First Amended Complaint and therefore deny the same.**

45.    The Mark and the Logo are assets of incalculable value as an identifier of Jumpstart Communication**s**, its high quality services, and its goodwill.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 45 of the First Amended Complaint and therefore deny the same.**

46.    Accordingly, Jumpstart Communications has acquired trademark rights in the mark "Jumpstart Communications" and the Logo.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 46 of the First Amended Complaint and therefore deny the same.**

47.    Defendants' unauthorized use of "JUMPSTART COMMUNICATION" and the Logo are likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' services. The consuming public of the trade is likely to believe that Defendants' services originate with Plaintiff; are licensed, sponsored, or approved by Plaintiff; or in some way are connected with or related to Plaintiff.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 47 of the First Amended Complaint and therefore deny the same.**

48.    Defendants' unauthorized and infringing use of "JUMPSTART COMMUNICATION" and the Logo constitutes intentional and willful infringement of Plaintiff's rights in and to the Mark and the Logo.

**ANSWER: Defendants deny the allegations of Paragraph 48 of the First Amended Complaint.**

49.    Such infringing acts have occurred in interstate commerce and have caused, and unless restrained by this court, will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**ANSWER: Defendants deny the allegations of Paragraph 49 of the First Amended Complaint.**

## COUNT TWO
**(False Designation of Origin – Defendants Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC)**

50.    Plaintiff incorporates by reference all prior allegations as if fully restated herein.

**ANSWER: Defendants incorporate by reference each and every answer previously stated as if fully set forth herein.**

51.    Plaintiff alleges false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER: Defendants deny the allegations of Paragraph 51 of the First Amended Complaint.**

52.    Defendants unauthorized use in commerce of "JUMPSTART COMMUNICATIO**N**" and the Logo are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants**,** with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services or Defendants' commercial activities by Plaintiff in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 52 of the First Amended Complaint and therefore deny the same.**

53.    Defendants unauthorized use of "JUMPSTART COMMUNICATIO**N**" and the Logo in Defendants' commercial communications, advertising or promotion

misrepresents the nature, characteristics, qualities, and origin of Defendants' services, and attempts to pass off Plaintiff's nature, characteristics, qualities, and origin of services as Defendants' own, in violation of § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

**ANSWER: Defendants deny the allegations of Paragraph 53 of the First Amended Complaint.**

54.    Defendants' unauthorized and infringing acts constitute intentional and willful infringement in violation of Plaintiff's rights, and constitute use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion, to cause mistake, or to mislead as to the affiliation, connection, or association of Defendants or its services with Plaintiff's and the services provided under the Mark and the Logo.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 54 of the First Amended Complaint and therefore deny the same.**

55.    Any failure, neglect, or default by Defendants in providing excellent customer service or quality of work performed will reflect adversely on Plaintiff as the believed source of origin of the service.

**ANSWER: Defendants deny the allegations of Paragraph 55 of the First Amended Complaint.**

56.    This hampers Plaintiff's efforts to continue to protect its outstanding reputation for high quality performance, at a reasonable price, and with excellent customer service.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 56 of the First Amended Complaint and therefore deny the same.**

57.    That adverse reflection has resulted, or will result, in the loss of sales by Plaintiff and has or will negate the considerable expenditures by Plaintiff to promote its services under the Mark and the Logo – all to the detriment of Plaintiff.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 57 of the First Amended Complaint and therefore deny the same.**

58.    As a direct result of Defendants' infringement, Plaintiff suffered damages.

**ANSWER: Defendants deny the allegations of Paragraph 58 of the First Amended Complaint.**

59.    Defendants' false designation of origin will continue unless enjoined by this Court.

**ANSWER: Defendants deny the allegations of Paragraph 59 of the First Amended Complaint.**

60.    Plaintiff is entitled to, among other relief, an order declaring that Defendants' actions infringe Plaintiff's trademark rights; an injunction and an award of actual damages; Defendants' profits; enhanced damages; reasonable attorneys' fees and the costs of this action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117; together with pre-judgment and post-judgment interest.

**ANSWER: Defendants deny that Plaintiff is entitled to remedies. Defendants are without sufficient knowledge to admit or deny the remaining allegations**

of Paragraph 60 of the First Amended Complaint and therefore deny the
same.

## COUNT THREE
### (Trademark Dilution – Defendants Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC)

61.    Plaintiff incorporates by reference all prior allegations as if fully restated
herein.

**ANSWER: Defendants incorporate by reference each and every answer
previously stated as if fully set forth herein.**

62.    Plaintiff hereby alleges trademark dilution in violation of the Lanham Act,
15 U.S.C. § 1125.

**ANSWER: Defendants deny the allegations of Paragraph 62 of the First
Amended Complaint.**

63.    Defendants' use and advertisement of its products under "JUMPSTART
COMMUNICATIO**N**" and the Logo have, or are likely to, injure Plaintiff's business
reputation and have, or are likely to, dilute the distinctive quality of Plaintiff's name,
reputation, and customer service, in violation of both federal law and Indiana law.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the
allegations of Paragraph 63 of the First Amended Complaint and therefore
deny the same.**

64.    Plaintiff has been, and will continue to be, irreparably harmed, damaged,
and injured as a result of Defendants' infringements and threatened infringements of
Plaintiff's trademark rights.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 64 of the First Amended Complaint and therefore deny the same.**

65.    Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from their infringing acts.

**ANSWER: Defendants deny the allegations of Paragraph 65 of the First Amended Complaint.**

66.    As a direct result of Defendants' infringement, Plaintiff suffered damages.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 66 of the First Amended Complaint and therefore deny the same.**

67.    Plaintiff is entitled to, among other relief, an order declaring that Defendants' actions infringe Plaintiff's trademark rights; and an award of actual damages, Defendants' profits, enhanced damages, reasonable attorneys' fees, and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

**ANSWER: Defendants deny that Plaintiff is entitled to remedies. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 67 of the First Amended Complaint and therefore deny the same.**

**COUNT FOUR**
**(Unfair Competition – Defendants Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC)**

68.    Plaintiff incorporates by reference all prior allegations as if fully restated herein.

**ANSWER: Defendants incorporate by reference each and every answer previously stated as if fully set forth herein.**

69.    Plaintiff alleges unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, along with associated claims under Indiana law.

**ANSWER: Defendants deny the allegations of Paragraph 69 of the First Amended Complaint.**

70.    Defendants, by their unauthorized appropriation and use of the Mark and the Logo, have engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source and sponsorship of services, wrongful deprivation of Plaintiff's good name and reputation, and the wrongful deprivation of Plaintiff's right to public recognition and credit as owner of the Mark and the Logo.

**ANSWER: Defendants deny the allegations of Paragraph 70 of the First Amended Complaint.**

71.    Defendants are operating under the name "JUMPSTART COMMUNICATI**O**N" and using the Logo within their business operations, resulting in consumer confusion as to the source of the services. Such conduct constitutes an unfair trade practice and unfair competition under the Lanham Act and Indiana law.

**ANSWER: Defendants deny the allegations of Paragraph 71 of the First Amended Complaint. As to allegations of consumer confusion, Defendants**

**are without sufficient knowledge to admit or deny the allegations and therefore deny the same.**

72.    Defendants are maliciously and willfully operating under the name "JUMPSTART COMMUNICATIO**N**" and using the Logo with the intent to confuse or deceive the public and Plaintiff's customers.

**ANSWER: Defendants deny the allegations of Paragraph 72 of the First Amended Complaint.**

73.    Defendants have been unjustly enriched as a result of their actions.

**ANSWER: Defendants deny the allegations of Paragraph 73 of the First Amended Complaint.**

74.    As a direct result of Defendants' unfair competition and unfair trade practices against Plaintiff, Plaintiff suffered damages.

**ANSWER: Defendants deny the allegations of Paragraph 74 of the First Amended Complaint.**

75.    Plaintiff is entitled to, among other relief, an injunction and an award of action damages; Defendant's profits; enhanced damages; reasonable attorneys' fees and the costs of this action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117; together with pre-judgment and post-judgment interest.

**ANSWER: Defendants deny that Plaintiff is entitled to remedies. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 75 of the First Amended Complaint and therefore deny the same.**

28

**COUNT FIVE**
**(Breach of Fiduciary Duties – Defendant Ryan V. Jumper)**

76.     Plaintiff incorporates by reference all prior allegations as if fully restated herein.

**ANSWER: Defendant Jumper incorporates by reference each and every answer previously stated as if fully set forth herein.**

77.     In his capacity as a member of Jumpstart Communication**s**, and also as an officer and employee of Jumpstart Communication**s**, Defendant Jumper owed fiduciary duties to Jumpstart Communication**s**.

**ANSWER: Defendant Jumper admits that he owed, at some time, fiduciary duties to Plaintiff.**

78.     Such fiduciary duties included, but are not limited to, duties of care, loyalty, honestly, and fidelity to Jumpstart Communication**s**, and a duty to refrain from usurping the corporate opportunities of Jumpstart Communication**s**.

**ANSWER: Defendant Jumper admits that he owed, at some time, the duties described in Paragraph 78 of the First Amended Complaint.**

79.     Defendant Jumper has breached his fiduciary duties to Jumpstart Communication**s**.

**ANSWER: Defendant Jumper denies the allegations of Paragraph 79 of the First Amended Complaint.**

80.     Defendant Jumper's conduct was willful, wanton, reckless, and/or undertaken with a callous disregard for the best interests of Jumpstart Communication**s**.

**ANSWER: Defendant Jumper denies the allegations of Paragraph 80 of the First Amended Complaint.**

81.    As a direct and proximate result of Defendant Jumper's actions, Plaintiff suffered damages.

**ANSWER: Defendant Jumper denies the allegations of Paragraph 81 of the First Amended Complaint.**

**COUNT SIX**
**(Tortious Interference with Contract – Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC)**

82.    Plaintiff incorporates by reference all prior allegations as if fully restated herein.

**ANSWER: Defendants incorporate by reference each and every answer previously stated as if fully set forth herein.**

83.    Plaintiff has valid and enforceable contracts with its customers.

**ANSWER: Defendants admit that the Plaintiff has in the past had valid and enforceable contracts with its customers. However, because Defendant Jumper has not been involved in the operations of the Plaintiff for an extended period of time, Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 83 of the First Amended Complaint and therefore deny the same.**

84.    Defendants had knowledge of Plaintiff's contracts.

**ANSWER: Defendants admit that Defendant Jumper had knowledge of the Plaintiff's contracts when he was involved in the operations of the Plaintiff. However, because Defendant Jumper has not been involved in the operations**

30

of the Plaintiff for an extend period of time, the Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 84 of the First Amended Complaint.

85.     Defendants induced Plaintiff's customers to breach those contracts.

**ANSWER: Defendants deny the allegations of Paragraph 85 of the First Amended Complaint.**

86.     Defendants' actions were without privilege or justification.

**ANSWER: Defendants deny the allegations of Paragraph 86 of the First Amended Complaint.**

87.     Defendants acted purposefully and with malice with the intent to injure Plaintiff.

**ANSWER: Defendants deny the allegations of Paragraph 87 of the First Amended Complaint.**

88.     As a direct and proximate result of Defendants' actions, Plaintiff suffered damages.

**ANSWER: Defendants deny the allegations of Paragraph 88 of the First Amended Complaint.**

**COUNT SEVEN**
**(Tortious Interference with Business Relationship – Defendants Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC)**

89.     Plaintiff incorporates by reference all prior allegations as if fully restated herein.

**ANSWER: Defendants incorporate by reference each and every answer previously stated as if fully set forth herein.**

90.     There existed a valid business relationship between Plaintiff and its current and prospective customers.

**ANSWER: Defendants admit that there has in the past existed valid business relationships between the Plaintiff and its then-existing and prospective customers. However, because Defendant Jumper has not been involved in the operations of the Plaintiff for an extended period of time, Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 90 of the First Amended Complaint and therefore deny the same.**

91.     Defendants knew of the existence of the business relationship between Plaintiff and its current and prospective customers.

**ANSWER: Defendants knew of the existing business relationships between the Plaintiff and its then-existing and prospective customers when Defendant Jumper was involved in the operations of the Plaintiff. However, because Defendant Jumper has not been involved in the operations of the Plaintiff for an extended period of time, Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 91 of the First Amended Complaint and therefore deny the same.**

92.     By their actions and inactions described above, Defendants intentionally interfered with Plaintiff's relationships.

**ANSWER: Defendants deny intentionally interfering with Plaintiff's alleged business relationships.**

93.     Defendants' actions were without privilege or justification.

**ANSWER: Defendants deny the allegations of Paragraph 93 of the First Amended Complaint.**

94.     As a direct and proximate result of Defendants' actions, Plaintiff suffered damages.

**ANSWER: Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 94 of the First Amended Complaint and therefore deny the same.**

**COUNT EIGHT**
**(Civil Theft – Defendant Ryan V. Jumper)**

95.     Plaintiff incorporates by reference all prior allegations as if fully restated herein.

**ANSWER: Defendant Jumper incorporates by reference each and every answer previously stated as if fully set forth herein.**

96.     Defendant Jumper's actions constitute theft as defined in Indiana Code § 35-43-4-2(a).

**ANSWER: Defendant Jumper denies the allegations of Paragraph 96 of the First Amended Complaint.**

97.     Defendant Jumper knowingly or intentionally exerted unauthorized control of proceeds/monies/funds owned wholly and exclusively by Plaintiff with the intent to deprive Plaintiff of its value or use.

**ANSWER: Defendant Jumper denies the allegations of Paragraph 97 of the First Amended Complaint.**

98.     As a direct and proximate result of Defendant Jumper's actions, Plaintiff suffered damages.

**ANSWER: Defendant Jumper is without sufficient knowledge to admit or deny the allegations of Paragraph 98 of the First Amended Complaint and therefore denies the same.**

## AFFIRMATIVE AND OTHER DEFENSES

Come now Defendants Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC, by counsel, Fletcher Van Gilder LLP and assert the following Affirmative and Other Defenses to Plaintiff's First Amended Complaint.

1. The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, Defendants, Ryan V. Jumper and The Jumper Group LLC f/k/a Jumpstart Communication LLC, pray that Plaintiff, Jumpstart Communications LLC take nothing by way of its First Amended Complaint; that judgment be entered in favor of Defendants, for the costs of this action, and for all other appropriate relief.

Respectfully submitted

Date:   February 6, 2025

/s/ *David E. Bailey*
David E. Bailey, #21527-02
Audrey M. Van Gilder, #35664-49
FLETCHER VAN GILDER, LLP
436 E. Wayne Street
Fort Wayne, Indiana  46802
Telephone:  (260) 425-9777
Facsimile:  (260) 424-9177
Email:  bailey@fvglaw.com
Email:  amvangilder@fvglaw.com
*Attorneys for Defendants*
*Ryan Jumper and The Jumper Group*
*LLC f/k/a Jumpstart Communication*
*LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2025, a copy of the foregoing was electronically filed with the clerk of the court using the CM/ECF system and served on all counsel of record.

J. Blake Hike
Carrie E. Sheridan
Brendan C. Ruff
E: hike@carsonllp.com
E: sheridan@carsonllp.com
E: ruff@carsonllp.com

/s/ David E. Bailey
David E. Bailey